Filed 9/20/24  P. v. Perez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RUBEN PEREZ,<br><br>Defendant and Appellant. | F087538<br><br>(Super. Ct. No. CR-21-005667)<br><br><br>**OPINION** |

-ooOoo-

## THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Carrie M. Stephens, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General's Office, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Detjen, Acting P. J., Franson, J. and Peña, J.

## INTRODUCTION

In 2022, appellant and defendant Ruben Perez (appellant) pleaded no contest to voluntary manslaughter and felon in possession of a firearm and was sentenced to 11 years eight months in prison. In 2023, he filed a petition for resentencing pursuant to Penal Code[1] section 1172.6. In 2024, the trial court denied the petition for failing to state a prima facie case because appellant entered his plea after the effective dates of the amendments to sections 188 and 189, and he could not have been tried and convicted based upon legal theories that were legally invalid.

On appeal, appellate counsel filed a brief that summarized the facts and procedural history with citations to the record, raised no issues, and asked this court to independently review the record pursuant to both *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436. Appellant filed a letter brief and raises several issues. We review the trial court's ruling, address appellant's contentions, and affirm the denial of his petition.

## FACTS[2]

" 'Late in the evening on May 2nd, 2021, [appellant] engaged in an altercation with Chase Jones at a taco truck on Martha Street in Keyes, California. [Jones] told

---

[1] All further statutory citations are to the Penal Code.

[2] As discussed below, the following factual summary is taken from the stipulated factual basis stated at appellant's plea hearing.

In reviewing a section 1172.6 petition, the court may rely on "the procedural history of the case recited in any prior appellate opinion." (§ 1172.6, subd. (d)(3); *People v. Clements* (2022) 75 Cal.App.5th 276, 292; *People v. Cooper* (2022) 77 Cal.App.5th 393, 400, fn. 9.) The role of the appellate opinion is limited, however, and the court may not rely on factual summaries contained in prior appellate decisions or engage in fact finding at the prima facie stage. (*Clements*, at p. 292; *People v. Lewis* (2021) 11 Cal.5th 952, 972.) We have recited the factual statement from appellant's plea proceeding to place his appellate arguments in context, and will not make factual findings to resolve his appeal from the trial court's order that found his petition did not state a prima facie case for relief.

[appellant], "Not hear [*sic*] and not now."  There was [*sic*] over a dozen people congregating at the taco truck area.'

" '[Appellant] immediately went to his vehicle, which was less than 20 feet away and retrieved a loaded 9mm handgun from his vehicle.  [Jones] entered his vehicle parked nearby and sat down in the driver's seat.  In the passenger seat of [Jones'] vehicle was Anthony Pando.'

" '[Pando] did not get out of the vehicle at the taco truck.  [Appellant] was outside of his vehicle, began walking and firing toward Jones' vehicle.  At least three shots were fired by [appellant].'

" 'Based on the casings recovered on the scene, at least one bullet hit [Jones'] vehicle.  [Jones] maneuvered his vehicle in the U-turn, which forced his vehicle to move toward [appellant].  From inside of [Jones'] vehicle, [Pando] fired more than one shot from a rifle.  The bullet from [Pando's] rifle missed [appellant] and struck and killed Evan Robinson, who had no involvement in this case or the feud between the two parties and was standing near the taco truck.' "

## PROCEDURAL BACKGROUND

On October 4, 2022, an information was filed in the Superior Court of Stanislaus County charging appellant with count I, first degree premeditated murder of Evan Robinson (§§ 187, 189), with the enhancement that he personally and intentionally discharged a firearm causing death or great bodily injury (§ 12022.53, subd. (d)); counts  II and III, premeditated attempted murder of, respectively, Chance Jones and Anthony Pando (§§ 664/187, subd. (a)), with enhancements that he personally and intentionally discharged a firearm (§ 12022.53, subd. (c)); and count IV, felon in possession of a firearm (§ 29800, subd. (a)(1)).

## Plea and Sentence

On December 9, 2022, the trial court convened a hearing in appellant's case.  The parties advised the court that appellant agreed to a negotiated disposition to plead no

3.

contest to an amended count I, voluntary manslaughter of Robinson, as a lesser included offense of first degree murder, and count IV, felon in possession of a firearm, for a stipulated sentence of 11 years eight months.

The prosecutor stated the factual basis as set forth above, and that the facts were summarized from the preliminary hearing evidence. The prosecutor further stated:

> " '[Appellant] acted with intent to kill, but for [the] firing of his gun at [Jones] and his vehicle, [Robinson] would not have been murdered. [Appellant] admits he's being charged with [the] murder of [Robinson] and is accepting this plea for manslaughter because he may be convicted of murder if this case were to proceed to trial. [Appellant] admits that his punishment is commensurate with his individual culpability in this crime.' "

Appellant's counsel stipulated to this factual basis. The trial court asked if appellant personally stipulated to the factual basis.

> "THE COURT: So for purposes of this plea and purposes of any relief that may be available to [appellant] or any petition that may be filed in the future pursuant to [s]ection 1172.6, … do you except [*sic*] and agree that there is a factual basis as set forth by [the prosecutor]?

> "[APPELLANT]: I accept and agree."

The prosecutor stated the parties also stipulated to the following aggravating circumstances: "[T]he People struck the firearm enhancement. [Appellant] did use a firearm in the commission of this series of offenses that he's been charged with. While his firearm was not the one that delivered the fatal blow, there was a gun that was discharged during the commission of this crime, and [appellant] is charged with that firearm. [¶] [Appellant] also has a juvenile adjudication for a crime involving a firearm, and it seems like he has an increasing—his criminality is increasing." Both appellant and his attorney stipulated to the aggravating circumstances.

Appellant pleaded no contest to amended count I, voluntary manslaughter, and count IV, felon in possession of a firearm. The trial court imposed the stipulated sentence of the upper term of 11 years for count I, and a consecutive term of eight months

4.

(one-third the midterm) for count IV, and dismissed the attempted murder charges and an unrelated case. Appellant did not file an appeal from the judgment.

## PETITION FOR RESENTENCING

On February 14, 2023, appellant filed, in propria persona, a petition for resentencing of his manslaughter conviction under section 1172.6, and requested appointment of counsel.

Appellant filed a supporting declaration that consisted of a preprinted form where he checked boxes that (1) he was eligible for resentencing because a complaint, information, or indictment was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine; (2) he was convicted of murder, attempted murder, or manslaughter following a trial, or accepted a plea offer in lieu of a trial in which he could have been convicted of murder or attempted murder; and (3) he could not presently be convicted of murder or attempted murder because of changes made to sections 188 and 189, effective January 1, 2019.

The trial court appointed counsel.

### The Prosecution's Opposition

On April 13, 2023, the prosecution filed opposition, and argued appellant was ineligible for relief under section 1172.6 because he was charged and entered his plea after the effective dates of the amendments enacted by Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) and Senate Bill No. 775 (2020–2021 Reg. Sess.) (Senate Bill 775). In addition, appellant acknowledged at his plea hearing that he would not be eligible for resentencing under section 1172.6.

**Appellant's Reply**

On December 5, 2023, appellant filed a reply and asserted his petition stated a prima facie case, and the trial court could not make any factual findings to deny the petition.

**The Trial Court's Order**

On January 18, 2024, the trial court conducted a hearing on the prima facie issue, and found appellant was ineligible for resentencing because he entered his plea after the change in law prohibiting convictions based on imputed malice theories, as held in *People v. Reyes* (2023) 97 Cal.App.5th 292 (*Reyes*).

On January 30, 2024, appellant filed a timely notice of appeal.

## DISCUSSION

As explained above, appellate counsel filed a brief with this court pursuant to *Wende* and *Delgadillo*. The brief also included counsel's declaration that appellant was advised he could file his own brief with this court. This court advised appellant that he could file a supplemental letter brief.

On July 2, 2024, appellant filed a letter brief and raises several issues about the denial of his petition for resentencing.

**A. Section 1172.6**

"Effective January 1, 2019, the Legislature passed Senate Bill [1437]. This amended both the felony-murder rule and the natural and probable consequences doctrine to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. [Citation.] Senate Bill [1437] also added [former] section 1170.95, now renumbered as section 1172.6. This created a procedural mechanism for those convicted under the former law to seek retroactive relief." (*Reyes*, *supra*, 97 Cal.App.5th at p. 295.)

Former section 1170.95 originally provided for "a person with an existing conviction for felony murder or murder under the natural and probable consequences doctrine to petition the sentencing court to have the murder conviction vacated and to be resentenced on any remaining counts if he or she could not have been convicted of murder as a result of the other legislative changes implemented by Senate Bill [1437]." (*People v. Flores* (2020) 44 Cal.App.5th 985, 992.)

Senate Bill 775 became effective on January 1, 2022, amended former section 1170.95, and " '[c]larifie[d] that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories.' " (*People v. Birdsall* (2022) 77 Cal.App.5th 859, 865, fn. 18; *People v. Vizcarra* (2022) 84 Cal.App.5th 377, 388.) Former section 1170.95 was renumbered as section 1172.6 without further change on June 30, 2022. (*People v. Saibu* (2022) 81 Cal.App.5th 709, 715, fn. 3.)

Section 1172.6 states that "when a petitioner files a facially sufficient petition, the trial court must appoint counsel to represent the petitioner. The trial court may consider the record of conviction to determine whether the petitioner makes a prima facie showing only after the appointment of counsel and the opportunity for briefing has occurred. [Citation.] At the prima facie hearing, the court must take the petitioner's factual allegations as true. However, if the record contains facts refuting the allegations made in the petition, the court may deny the petition without issuing an order to show cause." (*Reyes*, *supra*, 97 Cal.App.5th at p. 298.)

## B. The Trial Court's Ruling

The trial court correctly found that appellant was ineligible for resentencing as a matter of law. When Senate Bill 775 was enacted and added manslaughter to section 1172.6, "the Legislature's aim in the manslaughter context was to make relief available to defendants who were convicted by plea or trial at a time when the

prosecution could have pursued a murder charge, but the only way of doing so would have been a now invalid theory of imputed malice.  Thus, in the manslaughter plea context, … at the time of conviction—i.e., the time the plea was entered—the only way to a murder conviction was through an imputed malice theory.  *As a matter of law, this cannot be true for a person … who pled guilty to voluntary manslaughter at a time when imputed malice theories had already been statutorily eliminated.*"  (*People v. Lezama* (2024) 101 Cal.App.5th 583, 590, italics added.)

In December 2022, appellant entered his manslaughter plea with the advice and consent of legal counsel, after the effective dates of both Senate Bill 1437 and Senate Bill 775, and when the now-invalid theories of imputed malice had already been eliminated.  Consequently, appellant received the benefits of the amendments enacted by these bills, and he was "not the type of defendant this retroactive procedure was intended to benefit, and any contrary interpretation of this statute would lead to absurd results." (*Reyes*, *supra*, 97 Cal.App.5th at pp. 298–299.)

## C.  Appellant's Letter Brief

In his letter brief, appellant asserts that he is eligible for resentencing because he was "convicted" under the "provocative act doctrine," which required proof that he "personally harbored … malice," but he pleaded no contest to voluntary manslaughter, that he "acted without malice."  Appellant argues that as a result of his manslaughter plea, he could not have been convicted of murder with malice aforethought.  Appellant argues his plea to voluntary manslaughter required proof that he acted based on a sudden heat of passion arising from "provocation," the manslaughter plea prevented any possible conviction of murder with malice aforethought, and his plea constituted "a complete contradiction of the provocative act doctrine."

The provocative act doctrine does not define a crime, but it is a descriptive phrase "referring to a subset of intervening-act homicides in which the defendant's conduct provokes an intermediary's violent response that causes someone's death." (*People v.*

*Gonzalez* (2012) 54 Cal.4th 643, 649, fn. 2, superseded by statute on other grounds as explained in *People v. Wilson* (2023) 14 Cal.5th 839, 868.) "The classic provocative act scenario occurs when a perpetrator of the underlying crime instigates a gun battle, usually by firing first, and a police officer, or victim of the underlying crime, responds with privileged lethal force by returning fire and kills the perpetrator's accomplice or, by inadvertence, an innocent bystander." (*People v. Mejia* (2012) 211 Cal.App.4th 586, 602–603 (*Mejia*).)

"Under the theory of provocative act murder, the perpetrator of an underlying crime is held liable for the killing of an accomplice by a third party." (*Mejia, supra*, 211 Cal.App.5th at p. 602.) Prior to the decision in *People v. Concha* (2009) 47 Cal.4th 653, "a defendant could be convicted for a killing by a third party provoked by an accomplice's actions with malice aforethought, regardless of the defendant's personal mental state." (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1169, 1182 (*Lee*).)

After *Concha*, the Supreme Court clarified that all provocative act murders require proof that the defendant personally harbored malice. (*People v. Concha, supra*, 47 Cal.4th at pp. 658–659; *People v. Gonzalez, supra*, 54 Cal.4th at p. 655; *Lee, supra*, 95 Cal.App.5th at pp. 1168, 1181–1182.) A defendant must "personally possess the requisite mental state of malice aforethought," either express or implied, to be guilty of a provocative act murder. (*Mejia, supra*, 211 Cal.App.4th at pp. 603–604.)[3] In a provocative act murder prosecution, "[w]hen a defendant intentionally acts with the specific intent to kill, … he demonstrates express malice." (*Mejia*, at p. 604.)

As relevant to this case, Senate Bill 775 amended section 1172.6 to state that a defendant convicted of manslaughter may file a petition to vacate that conviction when

---

[3] The Supreme Court has granted review in *People v. Antonelli* (2023) 93 Cal.App.5th 712 (review granted Oct. 18, 2023, S281599), and ordered briefing on the issue as to whether a defendant who was convicted of murder under the provocative act doctrine prior to 2009 and the decision in *Concha*, when malice could have been imputed, is eligible for resentencing under section 1172.6.

(1) an information was filed that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory "under which malice is imputed to a person based solely on that person's participation in a crime," (2) appellant "accepted a plea offer in lieu of a trial at which [he] could have been convicted of murder" and (3) appellant "could not presently be convicted of murder … because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Appellant was alleged to have committed first degree murder in 2021, in an information filed in October 2022. If appellant had gone to trial on the murder charge, and the prosecution relied on the provocative act doctrine, the prosecution would have been required as a matter of law to prove he acted with express or implied malice, and not imputed malice. (*Mejia*, *supra*, 211 Cal.App.4th at pp. 603–604; *Lee*, *supra*, 95 Cal.App.5th at p. 1169.) Instead, appellant entered his manslaughter plea in December 2022, and personally admitted that he acted with the intent to kill, as relevant to a future section 1172.6 petition. A prosecutor's recitation of facts underlying the conviction, immediately before a defendant enters a guilty plea, is part of the record of conviction. (*People v. Roberts* (2011) 195 Cal.App.4th 1106, 1120; *People v. Abarca* (1991) 233 Cal.App.3d 1347, 1350 [change-of-plea transcript is part of the record of conviction].)

Appellant asserts the prosecutor "twisted and bent the law" to convict him of voluntary manslaughter "so that I would be given the highest sentence possible" instead of a lesser charge. Appellant never moved to withdraw his plea and such an argument is not cognizable in an appeal from the denial of a section 1172.6 petition. (*People v. Farfan* (2021) 71 Cal.App.5th 942, 947.) In any event, appellant was charged with first degree murder and, represented by counsel, entered his plea to the lesser offense of voluntary manslaughter and personally stipulated that he acted with the intent to kill.

## DISPOSITION

The trial court's order of January 18, 2024, denying his petition for resentencing, is affirmed.